IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIQUE R. NAGEL, | : | Civil No. 1:20-CV-00840 |
| Plaintiff, | : | |
| v. | : | |
| RAM INDUSTRIAL SERVICES, LLC, *et al.*, | : | |
| Defendants, | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a joint motion to approve the settlement agreement. (Doc. 94.) For the reasons that follow, the motion will be granted.

### BACKGROUND

Plaintiff Monique Nagel ("Nagel") commenced this civil action on May 22, 2020, against Defendants RAM Industrial Services, LLC, Industrial Service Solutions, Inc., Insperity PE Services, L.P., Frank Setlak, and ISS #2, LLC. (Doc. 1.) The complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), and Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1, *et seq.*, for unpaid wages. (*Id.*) Among other allegations, the complaint asserts that Defendants violated the FLSA by failing to pay an overtime premium for the hours worked in excess of forty hours per week. (*Id.*)

On October 1, 2020, the parties stipulated to amend the caption of this case, which terminated Defendant Industrial Service Solutions, Inc. (Docs. 17, 19.) On

August 8, 2022, the court granted Defendant Insperity PEO Services, L.P.'s motion for summary judgment. (Doc. 73.) On September 23, 2022, the court granted Defendants RAM, ISS #2, LLC, and Frank Setlak's (collectively, "Defendants") motion for summary judgment as to the Pennsylvania Wage Payment and Collection Act claim but denied the motion as to the FLSA claim.

Following a settlement conference, the parties resolved this case. On June 23, 2023, the parties filed a joint motion to approve the settlement agreement, as well as the settlement agreement. (Doc. 94.) Under the settlement agreement, the parties have agreed to settle this action for $80,000.00, which consists of $40,000.00 payable to Nagel and $40,000 payable to Nagel's attorney. (Doc. 94-1, ¶ 1.) In exchange for this payment, Nagel has agreed to release Defendants from liability for any and all claims. (*Id.* ¶ 6.)

### STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa.

Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355.  A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.*  If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754, at *4 (citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Here, the terms of the agreement itself, Doc. 94-1, as well as Nagel's complaint, Doc. 1, and the court's summary judgment decision, Docs. 72 & 80, demonstrate that a bona fide dispute exists regarding whether Nagel was misclassified or properly exempt under the FLSA. As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties. *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Nagel. Nagel has been represented by counsel who is well-versed in wage and hour litigation throughout this case. Settlement was reached following a well-litigated case, which included discovery disputes, motions practice, and a settlement conference with a Magistrate Judge. Furthermore, a review of the agreement indicates that Nagel is being compensated

for an amount that she reasonably claims is owed in connection with her employment. (*See* Doc. 1; Doc. 94-1.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. The settlement agreement does not contain a confidentiality clause and was publicly docketed in this case. (*See* Doc. 94-1.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-CV-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016.)

## CONCLUSION

For the foregoing reasons, the joint motion to approve the settlement agreement will be granted. (Doc. 94.) An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: August 9, 2023